UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

OMAR HARRY,

                                        Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ANTHONY NARVAEZ, Shield No. 7998; Police Officer GLENN WALLACE, Shield No. 23952; Police Officer PHILIP TANTILLO, Shield No. 9988; Police Officer THOMAS TAVERNA, Shield No. 16875; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.
------------------------------------------------------------------------ x

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS WALLACE, TANTILLO, AND, TAVERNA**

**15-CV-5871 (RRM)(ST)**

**JURY TRIAL DEMANDED**

        Defendants Police Officer Glenn Wallace, Police Officer Phillip Tantillo, and Police Officer Thomas Taverna[1] (hereinafter "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed and seek relief as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Defendants City of New York and Police Officer Anthony Narvaez filed their answer to Plaintiff's Amended Complaint on March 21, 2016.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to lay venue as stated therein.

5. State that the allegations set forth in paragraph "5" of the Amended Complaint are a jury demand to which no response is required. However, to the extent a response is required, defendants deny the allegations set forth therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residency set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York. Defendants further admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter for a full and accurate recitation of the relationship between the City of New York and the New York City Police Department (hereinafter "NYPD").

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that, on or about March 4, 2015, defendants Narvaez, Wallace, Tantillo, and Taverna were police officers employed by the NYPD. Defendants further admit that plaintiff purports to proceed against defendants Wallace, Tantillo, and Taverna as stated therein.

9. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "9" of the Amended Complaint concerning the John Doe defendants.

10. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Amended Complaint concerning the John Doe defendants.

11. State that the allegations set forth in paragraph "11" of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations set forth therein, except deny knowledge and information sufficient to form a belief as to the truth of the allegations to the extent they concern the John Doe defendants.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that, on or about March 4, 2015, defendants Narvaez and Wallace lawfully approached plaintiff.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that, on or about March 4, 2015, plaintiff was lawfully arrested and placed in handcuffs.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that defendants Tantillo and Taverna arrived at the scene of plaintiff's March 4, 2015 arrest.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that plaintiff was lawfully arrested on charges of littering and resisting arrest.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that plaintiff was lawfully detained at the 73rd Police Precinct following his arrest.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, except admit that plaintiff was lawfully detained at Brooklyn Central Booking following his arrest.

Case 1:15-cv-05871-RRM-ST   Document 19   Filed 05/27/16   Page 4 of 11 PageID #: 120

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that plaintiff was lawfully transported to Brookdale Hospital prior to his arraignment.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that the charges arising from plaintiff's March 4, 2015 arrest were resolved with an adjournment in contemplation of dismissal.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. In response to the allegations set forth in paragraph "25" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. In response to the allegations set forth in paragraph "28" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. In response to the allegations set forth in paragraph "31" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. In response to the allegations set forth in paragraph "34" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. In response to the allegations set forth in paragraph "39" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. In response to the allegations set forth in paragraph "44" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. In response to the allegations set forth in paragraph "48" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint and its subparts.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" and "51(a)-(r)" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

52. Deny the allegations set forth in paragraph "52" and "52(a)-(g)" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

53. Deny the allegations set forth in paragraph "53" and "53(a)-(j)" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

57. Deny the allegations set forth in paragraph "114"[2] of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

58. Deny the allegations set forth in paragraph "115" of the Amended Complaint and its subparts, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

59. Deny the allegations set forth in paragraph "116" of the Amended Complaint and its subparts, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

60. Deny the allegations set forth in paragraph "117" of the Amended Complaint.

61. Deny the allegations set forth in paragraph "118" of the Amended Complaint and its subparts.

62. Deny the allegations set forth in paragraph "119" of the Amended Complaint.

63. Deny the allegations set forth in paragraph "120" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "121" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "122" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "123" of the Amended Complaint.

67. Deny the allegations set forth in paragraph "124" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "125" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

69. The Amended Complaint fails to state a claim upon which relief can be granted.

---

[2] Defendants note that the Complaint appears to proceed from paragraph "64" to paragraph "114". (*See* Docket Entry No. at p. 22)

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

70. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants Wallace, Tantillo, or Taverna.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

71. Defendants Wallace, Tantillo, and Taverna have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

72. Defendants Wallace, Tantillo, and Taverna have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the Amended Complaint, defendants Wallace, Tantillo, and Taverna acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Wallace, Tantillo, and Taverna are entitled to governmental immunity from liability on any alleged state law claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

74. To the extent the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law Sections 50-(e), *et seq.*

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

75. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

76. Plaintiff's action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

77. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

78. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

79. Plaintiff's claims are barred by the applicable statute of limitations.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

80. To the extent one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

81. Plaintiff provoked any incident.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

82. Plaintiff may have failed to mitigate his damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

83. There was probable cause for the search of plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

84. There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

85. There was reasonable suspicion for plaintiff's stop, question, and frisk.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

86. Defendant Wallace, Tantillo, and Taverna may be entitled to absolute immunity under *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012).

**WHEREFORE,** defendants Police Officer Glenn Wallace, Police Officer Phillip Tantillo, and Police Officer Thomas Taverna request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              May 27, 2016

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2357

                        By:        */s/ Alexander Noble*
                              Alexander Noble
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

**cc:**     <u>**BY ECF**</u>
             Robert Marinelli
             *Attorney for Plaintiff*